IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **7000 Cochran Holdings, LLC** | ) | CASE NO. |
| 25550 Chagrin Blvd., Suite 103 | ) | |
| Cleveland, Ohio 44122 | ) | JUDGE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **Goldner Capital Management LLC** | ) | |
| 525 Chesnut Street | ) | |
| Cedarhurst, New York 11516 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **Samuel Goldner,** | ) | |
| 1251 46th Street, Apt. 1 | ) | |
| Brooklyn, New York 11219 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **Strat Properties LLC,** | ) | |
| c/o ACFB Incorporated | ) | |
| 200 Public Square, Suite 2300 | ) | |
| Cleveland, Ohio 44114 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **Strat OP LLC,** | ) | |
| c/o ACFB Incorporated | ) | |
| 200 Public Square, Suite 2300 | ) | |
| Cleveland, Ohio 44114 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **Strat MGMT LLC,** | ) | |
| c/o ACFB Incorporated | ) | |
| 200 Public Square, Suite 2300 | ) | |
| Cleveland, Ohio 44114 | ) | |
| | ) | |
| Defendants. | ) | |

# COMPLAINT

Plaintiff, 7000 Cochran Holdings, LLC ("Plaintiff"), for its Complaint against defendants Goldner Capital Management LLC ("GCM"), Samuel Goldner ("Goldner"), Strat Properties LLC ("S-Prop"), Strat OP LLC ("S-Op"), and Strat MGMT LLC ("S-Mgmt") (collectively, the "Defendants"), states as follows:

## Jurisdiction and Venue

1. Jurisdiction is founded on 28 U.S.C. § 1332. The citizenship of the parties is diverse, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

2. Venue is proper in the Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C. § 1391(b)(2), and/or (3), as a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this District, the underlying transaction relates to property that is situated in this District, and the Defendants are subject to the Court's personal jurisdiction.

3. This Court has personal jurisdiction over the Defendants pursuant to Ohio's long-arm statute, to wit, Ohio Revised Code § 2307.382.

## The Parties

4. Plaintiff is a limited liability company organized under the laws of the State of Ohio, having a principal place of business in Cuyahoga County, Ohio.

5. Upon information and belief, defendant GCM is a limited liability company organized under the laws of the State of Delaware, having a principal place of business in Cedarhurst, New York.

6. Upon information and belief, defendant Goldner is a resident of the State of New York, residing in Brooklyn, New York.

7. Upon information and belief, defendant S-Prop is a is a limited liability company organized under the laws of the State of Delaware.

8. Upon information and belief, defendant S-Op is a is a limited liability company organized under the laws of the State of Delaware.

9. Upon information and belief, defendant S-Mgmt is a limited liability company organized under the laws of the State of Delaware.

**Factual Background**

10. Plaintiff was the owner of a certain nursing home and residential care facility known as Stratford Care and Rehabilitation, located in Cuyahoga County, Ohio (the "Facility"), and certain entities related to Plaintiff were involved in the operation of the Facility, specifically, Glenwillow Leasing, LLC, and Stratford Commons Leasing, LLC (the "Plaintiff's Related Entities").

11. On or about December 21, 2020, Plaintiff and S-Prop, entered into a certain Purchase and Sale Agreement (the "PSA"), pursuant to which Plaintiff agreed to sell, and S-Prop agreed to buy, the Facility and related assets. A copy of the PSA is not attached hereto as it is subject to a confidentiality provision, and all parties hereto are in possession of the same.

12. On or about December 21, 2020, the Plaintiff's Related Entities and S-Op, entered into a certain Operations Transfer Agreement (the "OTA"), pursuant to which the Plaintiff's Related Entities agreed to transition the responsibility for the operation of the Facility from the Plaintiff's Related Entities to S-Op. A copy of the OTA is not attached hereto as it is subject to a confidentiality provision, and all parties hereto are in possession of the same.

13. The transactions contemplated by the PSA, the OTA, and the related documents shall be referenced hereinafter collectively as the "Transaction."

14. Upon information and belief, S-Op and S-Mgmt are currently involved in the operation and management of the Facility.

15. Upon information and belief, S-Prop, S-Op, and S-Mgmt are entities related to GCM and Goldner, and each is controlled, directly or indirectly, by Goldner.

16. Very shortly before the closing on the PSA and the OTA, Strat and Strat OP, by and through their representative, Goldner, advised Plaintiff that they could not close on the Transaction unless Plaintiff loaned certain funds to or for their benefit.

17. Initially, Plaintiff proposed that any loan be made by Plaintiff to S-Prop, and that the loan be guaranteed by Goldner and Goldner's operating entity for the Facility.

18. Goldner, however, advised that the loan could not be made to S-Prop, but asked that the loan be made to GCM.

19. Goldner advised Plaintiff that GCM had sufficient collateral to cover the amount of the loan and, in a phone call with Plaintiff's representative just before the closing on the Transaction, told Plaintiff that GCM had over fifty nursing homes, that GCM had the ability to repay the Loan, and that GCM had assets sufficient to cover the loan amount.

20. In reliance upon the aforementioned representations, Plaintiff agreed to loan, and thereafter loaned, the sum of $1,750,000.00 to GCM so as to facilitate the closing of the Transaction (the "Loan").

21. On March 1, 2021, GCM executed and delivered to Plaintiff, in Cuyahoga County, Ohio, a certain Promissory Note in the principal amount of $1,750,000.00 (the "Note"). A true and accurate copy of the Note is attached hereto as **Exhibit "A."**

22. As further security for the amounts due and payable by GCM under the Note, on March 1, 2021, Goldner executed and delivered to Plaintiff, in Cuyahoga County, Ohio, a certain Guaranty in favor of Plaintiff, pursuant to which Goldner irrevocably, absolutely and unconditionally guaranteed to Plaintiff the full and prompt payment and performance by GCM under the Note (the "Guaranty").  A true and accurate copy of the Guaranty is attached hereto as **Exhibit "B."**

23. GCM and Goldner immediately defaulted on the Note and Guaranty.

24. The first payment that was due on the Note was not timely paid.

25. Subsequent payments that were due on the Note were not timely paid.

26. Beginning September 2022 through present, GCM and Golder failed to make any payments on the Note.

27. None of the payments that were made on the Note were paid by GCM but, rather, were paid by another entity known as "GCM Expenses LLC."

## COUNT 1
### (Breach of Contract – Note) (GCM)

28. Plaintiff hereby incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

29. Plaintiff is the owner and holder of the Note.

30. The amounts due and owing by GCM under the Note were, and are, due and owing to Plaintiff in Cuyahoga County, Ohio.

31. GCM has failed to pay in accordance with the terms of the Note and is, therefore, in default.

32. Plaintiff provided GCM with several notices of default. A copy of one such default letter is attached hereto as **Exhibit "C."**

33. GCM has failed to cure the default within the time required, and has failed to pay Plaintiff in accordance with the terms of the Note.

34. By reason of the default in the terms of the Note, Plaintiff has declared the indebtedness evidenced thereby to be immediately due and owing.

35. The principal amount presently due on the Note is $1,750,000.00, plus interest at the default rate of 15% per annum, plus all of Plaintiff's fees, losses, costs, and expenses associated with the default.

36. As a direct and proximate result of the default by GCM under the Note, Plaintiff has been damaged in the amount of $1,750,000.00, plus interest at the rate of 15% per annum, plus Plaintiff's fees, losses, costs, and expenses associated with the default, and any and all further relief to which it may be entitled under the Note, equity and/or applicable law.

## COUNT 2
### (Breach of Contract – Guaranty) (Goldner)

37. Plaintiff hereby incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

38. Plaintiff is the owner and holder of the Guaranty.

39. The amounts due and owing by Goldner under the Guaranty were, and are, due and owing to Plaintiff in Cuyahoga County, Ohio.

40. Goldner has failed to pay in accordance with the terms of the Guaranty and is, therefore, in default.

41. Plaintiff provided Goldner with several notices of the default. A copy of one such default letter is attached hereto as **Exhibit "D."**

42. Goldner has failed to cure the default within the time required, and has failed to pay Plaintiff in accordance with the terms of the Guaranty.

43. By reason of the default in the terms of the Guaranty, Plaintiff has declared the indebtedness evidenced thereby to be immediately due and owing.

44. The amount presently due on the Guaranty is $1,750,000.00, plus interest at the default rate of 15% per annum, plus all of Plaintiff's fees, losses, costs, and expenses associated with the default.

45. As a direct and proximate result of the default by Goldner under the Guaranty, Plaintiff has been damaged in the amount of $1,750,000.00, plus interest at the rate of 15% per annum, plus Plaintiff's fees, losses, costs, and expenses associated with the default, and any and all further relief to which it may be entitled under the Note, equity and/or applicable law.

## COUNT 3
**(Unjust Enrichment) (All Defendants)**

46. Plaintiff hereby incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

47. Plaintiff conferred a benefit upon defendants GCM and Goldner by making the Loan to GCM, and as specifically noted in Goldner's Guaranty.

48. GCM and Goldner benefited from the Loan.

49. S-Prop, S-Op, and S-Mgmt benefited from the Loan, as they would not have been able to close on the transaction but for Plaintiff making the Loan.

50. Defendants were aware of the benefit that Plaintiff conferred upon them.

51. To permit Defendants to retain the benefit without payment therefore would constitute unjust enrichment at Plaintiff's expense.

52. As a result of the retention by the Defendants of the funds and benefit provided by Plaintiff to them, Defendants have been unjustly enriched in the amount of $1,750,000.00, plus interest at the rate of 15% per annum, plus Plaintiff's fees, losses, costs, and expenses associated

with the default, and any and all further relief to which it may be entitled under equity and/or applicable law.

## COUNT 4
### (Negligent Misrepresentation) (GCM and Goldner)

53. Plaintiff hereby incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

54. Defendants GCM and Goldner, while acting in the course of a business in which they had a pecuniary interest, failed to exercise due care or competence and supplied false information to Plaintiff as to GCM's ability to repay the Loan and GCM's assets.

55. Plaintiff reasonably and justifiably relied upon the representations noted in paragraph 19 above to its detriment.

56. As a direct and proximate result of the misrepresentations by GCM and Goldner, Plaintiff has been damaged in the amount of $1,750,000.00, plus interest at the rate of 15% per annum, plus Plaintiff's fees, losses, costs, and expenses associated with the default, and any and all further relief to which it may be entitled under equity and/or applicable law.

## COUNT 5
### (Fraud/Fraudulent Misrepresentation) (GCM and Goldner)

57. Plaintiff hereby incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

58. The representations by GCM and Goldner to Plaintiff, as set forth in paragraph 19 above, were material when made.

59. The representations by GCM and Goldner to Plaintiff, as set forth in paragraph 19 above, were false when made.

60. The materially false representations referenced above were knowingly made by GCM and Goldner to Plaintiff.

61. The materially false representations referenced above were knowingly made by GCM and Goldner with the intent of misleading Plaintiff in reliance thereon, and with the intent of obtaining the Loan from Plaintiff.

62. Plaintiff reasonably relied upon the misrepresentations made by GCM and Goldner.

63. As a direct and proximate result of GCM and Goldner's fraud, Plaintiff has been damaged in the amount of $1,750,000.00, plus interest at the rate of 15% per annum, plus Plaintiff's fees, losses, costs, and expenses associated with the default, and any and all further relief to which it may be entitled under equity and/or applicable law.

## COUNT 6
### (Fraudulent Inducement) (GCM and Goldner)

64. Plaintiff hereby incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

65. The Loan and Plaintiff's performance thereunder was fraudulently induced by GCM and Goldner as a result of their fraudulent representations referenced above.

66. GCM and Goldner fraudulently induced Plaintiff to make the Loan so as to obtain the Loan funds to allow the closing of the Transaction.

67. As a direct and proximate result of the fraudulent inducement by GCM and Goldner, Plaintiff has been damaged in the amount of $1,750,000.00, plus interest at the rate of 15% per annum, plus Plaintiff's fees, losses, costs, and expenses associated with the default, and any and all further relief to which it may be entitled under equity and/or applicable law.

**WHEREFORE**, Plaintiff prays that judgment be granted in its favor and against Defendants, jointly and severally, for the following relief, as each may be authorized and applicable in accordance with each separate claim stated above under applicable law:

(a) Compensatory damages in the amount of $1,750,000.00, plus fees and losses as permitted in the Note;

(b) Pre and post-judgment interest at the rate of 15% per annum;

(c) Punitive damages, in an amount to be determined;

(d) Costs, litigation expenses, and reasonable attorney's fees; and

(e) Such other and further relief that this Court deems just and proper.

Respectfully submitted,

*/s/ G. Brenda Coey*
G. Brenda Coey (0075879)
The Coey Law Firm, LLC
5344 Limerick Ave., N.W.
N. Canton, Ohio 44720
Phone: (330)327-7349
Email: brenda@coeylaw.com

*Attorney for Plaintiff*